# IN THE COURT OF APPEALS OF IOWA

No. 19-1037
Filed April 29, 2020

**IN RE THE MARRIAGE OF BRIDGET ANNE DRENTER
AND JOHN DRENTER**

**Upon the Petition of
BRIDGET ANNE DRENTER,**
        Petitioner-Appellee,

**And Concerning
JOHN DRENTER,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Scott County, Nancy S. Tabor,

Judge.


        John Drenter appeals from the district court's entry of appellate attorney

fees on remand. **AFFIRMED.**


        Jack E. Dusthimer, Davenport, for appellant.

        Michael J. Motto of Bush, Motto, Creen, Koury & Halligan, P.L.C.,

Davenport, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and May, JJ. Tabor, J., takes

no part.

**MAY, Judge.**

John Drenter appeals the district court's determination of appellate attorney fees following remand from this court with instructions for "the district court to determine appropriate attorney fees." *See In re Marriage of Drenter*, No. 17-1548, 2019 WL 478195, at *5 (Iowa Ct. App. Feb. 6, 2019). We affirm.

John and Bridget Drenter[1] both appealed from the decree dissolving their marriage. We affirmed the decree as modified. *Id.* We also awarded Bridget appellate attorney fees. *Id.* But we remanded to the district court to determine the amount of those fees. *Id.*

On remand, Bridget's attorney, Michael Motto, provided an affidavit stating he completed 98.5 hours of work for the appeal at a rate of $250 per hour. Motto also provided a statement explaining his qualifications and the basis for his hourly rate. Additionally, Motto provided the sworn statement of another experienced Iowa family-law attorney. She opined that the rate and total fee claimed by Motto were both "fair and reasonable." Finally, Motto provided a detailed breakdown of the 98.5 hours he spent working on the appeal.

Based on the information Motto provided, the district court awarded Bridget $24,625 in appellate attorney fees.

On this appeal, John claims the district court should have made its own determination of whether appellate attorney fees should be awarded—including its own consideration of the parties' financial status in light of our modified decree. We disagree. This court had already determined appellate attorney fees should

---

[1] Bridget's last name is now O'Leary.

be awarded. *See Markey v. Carney*, 705 N.W.2d 13, 26 (Iowa 2005). As part of that determination, this court had considered the parties' financial situations—including John's ability to pay—in light of the modifications to the decree. *See Drenter*, 2019 WL 478195, at *5 ("[B]ecause of Bridget's need and John's ability to pay, we grant Bridget's request for appellate attorney fees.").

So the district court's only task on remand was to consider evidence regarding "appropriate attorney fees" for Bridget's counsel. *See id.* That is what the district court did. And John does not challenge counsel's claimed hourly rate or the hours worked. So we conclude the district court did not abuse its discretion in determining appellate attorney fees. *Cf. Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 23–24 (Iowa 2001) (considering whether the district court abused its discretion in determining the amount of appellate attorney fees).

Bridget requests appellate attorney fees for this appeal. Appellate attorney fees are awarded upon our discretion and are not a matter of right. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). When considering whether to exercise our discretion, "we consider 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013) (quoting *Okland*, 699 N.W.2d at 270). Given the sizable award for appellate attorney fees already awarded in the underlying proceeding, we doubt John has the ability to pay appellate attorney fees associated with this appeal. So we do not award them. However, we tax all costs of this appeal to John.

**AFFIRMED.**